1  THOMAS E. FRANKOVICH (State Bar No. 074414)
   THOMAS E. FRANKOVICH,
2  *A PROFESSIONAL LAW CORPORATION*
   1832-A Capitol Street
3  Vallejo, CA 94590
   Telephone:     (415) 444-5800
4  Facsimile:     (415) 674-9900
   Email:         tfrankovich@disabilitieslaw.com
5
   Attorney for Plaintiff
6  PATRICK CONNALLY

7

8              **UNITED STATES DISTRICT COURT**

9            **NORTHERN  DISTRICT OF CALIFORNIA**

10

11  PATRICK CONNALLY,                          ) CASE NO.
                                               ) **Civil Rights**
12       Plaintiff,                            )
                                               ) **COMPLAINT FOR INJUNCTIVE RELIEF**
13  v.                                         ) **AND DAMAGES:**
                                               )
14  BUICH BROTHERS RESTAURANT                  ) **1st CAUSE OF ACTION:** For Denial of
    GROUP INC., a California Corporation dba   ) Access by a Public Accommodation in
15  THE BULL AND BEAR; WILLIAM H.              ) Violation of the Americans with Disabilities Act
    STAHL and LAURA J. STAHL, as Trustees      ) of 1990 (42 U.S.C. §12101, *et seq.*)
16  on behalf of THE KEVIN HAYES STAHL         )
    TRUST DATED MARCH 17, 1997;                ) **2nd CAUSE OF ACTION:** For Denial of Full
17  WILLIAM H. STAHL and LAURA J.              ) and Equal Access in Violation of California
    STAHL, Trustees Of THE MICHAEL             ) Civil Code §§54, 54.1 and 54.3
18  FOSTER STAHL TRUST DATED                   )
    MARCH 17, 1997; WILLIAM H. STAHL           ) **3rd CAUSE OF ACTION:** For Denial of
19  and LAURA J. STAHL, Trustees Of THE        ) Accessible Sanitary Facilities in Violation of
    MELISSA LYNNNE STAHL TRUST                 ) California Health & Safety Code §19955, *et seq.*
20  DATED MARCH 17, 1997; AND,                 )
    WILLIAM H. STAHL and LAURA J.              ) **4th CAUSE OF ACTION:** For Denial of
21  STAHL, AS TENANTS IN COMMON,               ) Access to Full and Equal Accommodations,
                                               ) Advantages, Facilities, Privileges and/or
22       Defendants.                           ) Services in Violation of California Civil Code
                                               ) §51, *et seq.* (The Unruh Civil Rights Act)
23                                             )
                                               )
24  _____ ) **DEMAND FOR JURY**

25

26

27

28

1        Plaintiff PATRICK CONNALLY , complains of defendants WILLIAM H. STAHL and

2  LAURA J. STAHL, as Trustees on behalf of THE KEVIN HAYES STAHL TRUST DATED

3  MARCH 17, 1997; WILLIAM H. STAHL and LAURA J. STAHL, Trustees Of THE MICHAEL

4  FOSTER STAHL TRUST DATED MARCH 17, 1997; WILLIAM H. STAHL and LAURA J.

5  STAHL, Trustees Of THE MELISSA LYNNNE STAHL TRUST DATED MARCH 17, 1997;

6  WILLIAM H. STAHL and LAURA J. STAHL, AS TENANTS IN COMMON; AND,  BUICH

7  BROTHERS RESTAURANT GROUP INC., a California Corporation dba THE BULL AND

8  BEAR, and alleges as follows:

9  **INTRODUCTION:**

10        1.     This is a civil rights action for discrimination against persons with physical

11  disabilities, of which class plaintiff  PATRICK CONNALLY and the disability community are

12  members, for failure to remove architectural barriers structural in nature at defendants' THE

13  BULL and BEAR, a place of public accommodation, thereby discriminatorily denying plaintiff

14  and the class of other similarly situated persons with physical disabilities access to, the full and

15  equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services,

16  and accommodations thereof.  Plaintiff seeks injunctive relief and damages pursuant to the

17  Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,

18  51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

19        2.     Plaintiff brings this action acting as a "private attorney general" privatizing

20  enforcement of the American with Disabilities Act of 1990 ("ADA") without the American tax

21  payer(s) bearing the financial tax burden for such action.

22        3.     Plaintiff PATRICK CONNALLY is a person with physical disabilities who, on or

23  about July 23, 2015 and October 14, 2015 (and deterred thereafter), was an invitee, guest, patron,

24  customer at defendants' THE BULL and BEAR, in the City of Monterey, California.  At said

25  time(s) and place, defendants failed to provide proper legal access to the THE BULL and BEAR,

26  which is a "public accommodation" and/or a "public facility" including, but not limited to the

27  entrance and unisex restroom.

28

The denial of access was in violation of both federal and California legal requirements, and plaintiff PATRICK CONNALLY suffered violation of his civil rights to full and equal access, and was embarrassed and humiliated.

**JURISDICTION AND VENUE:**

4.   **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; and California Building Code.

5.   **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 479 Alvarado, in the City of Monterey, County of Monterey, State of California, and that plaintiff's causes of action arose in this county.

**PARTIES:**

6.   Plaintiff PATRICK CONNALLY is a "physically handicapped person," a "physically disabled person," and a "person with physical disabilities" (hereinafter the terms "physically disabled," "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff PATRICK CONNALLY is a "person with physical disabilities," as defined by all applicable California and United States laws. Plaintiff has severe traumatic head injury, chronic arthritis in upper extremities and constant joint inflammation, pain and swelling. Plaintiff PATRICK CONNALLY requires the use of a wheelchair to travel about in public.

//

//

Consequently, plaintiff PATRICK CONNALLY is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

7. **DEFINITIONS:**

    a.    **ADAAG** - The Americans with Disabilities Act Accessibility Guidelines of 1990; and 2010 ADA Standards

    b.    **2010 ADA STANDARDS** - The revised regulations for Title II and III of the Americans with Disabilities Act of 1990 in the Federal Register as of September 15, 2010;

    c.    **ARCHITECTURAL BARRIERS** - Architectural barriers are physical features that limit or prevent people with disabilities from obtaining the goods or services that are offered.  They can include but are not limited to the following examples:  parking spaces that are too narrow to accommodate people who use wheelchairs; a step or steps at the entrance or to part of the selling space of a store; round doorknobs or door hardware that is difficult to grasp; aisles that are too narrow for a person using a wheelchair; electric scooter, or a walker; a high counter or narrow checkout aisles at a cash register, and fixed tables in eating areas that are too low to accommodate a person using a wheelchair or that have fixed seats that prevent a person using a wheelchair from pulling under the table.

Excerpted from the *"ADA Guide for Small Businesses"* with an interlineation modification. http://www.ada.gov/smbustxt.htm.

(The descriptive use of the word "barriers" as used herein is synonymous with architectural barriers).

//

d.     **ELEMENTS -** An architectural or mechanical component of a building, facility, space, or site (e.g., telephone, curb ramp, door, flush valve, drinking fountain, seating, or water closet, toilet seat, dispensers) and/or placement or lack thereof.

e.     **CATEGORICAL ARCHITECTURAL BARRIERS -** Are elements and facilities which are, or can be architectural barriers standing alone or in combination with one another where the element(s)/facility(s) is/are noncomplying or where the combination thereof creates a category. For example:  such as a parking lot, entrance, restroom, lobby, guest room, dining area.

f.     **PHYSICAL FEATURES -** Are synonymous with "Elements."

g.     **FACILITY -** All or any portion of buildings, structures, site improvements, complexes, equipment, roads, walks, passageways, parking lots, or other real or personal property located on a site.

h.     **ENTRANCE -** Any access point to a building or portion of a building or facility used for the purpose of entering.  An entrance includes the approach walk, the vertical access leading to the entrance platform, the entrance platform itself, vestibules if provided, the entry door(s) or gate(s), and the hardware of the entry door(s) or gate(s).

i.     **CLEAR FLOOR SPACE -** The minimum unobstructed floor or ground space required to accommodate a single, stationary wheelchair and occupant.

j.     **ACCESSIBLE ROUTE -** A continuous unobstructed path connecting all accessible elements and spaces of a building or facility.  Interior accessible routes may include corridors, floors, ramps, elevators, lifts, and clear floor space at fixtures.  Exterior accessible routes may include parking access aisles, curb ramps, crosswalks at vehicular ways, walks, ramps, and lifts.

k.     **PATH OF TRAVEL -** A continuous path connecting all elements and spaces of a building or facility.

l.     **NON COMPLYING -** Not complying with ADAAG and/or the "Readily Achievable Standard" of 28 CFR §36.304.

**PRELIMINARY FACTUAL ALLEGATIONS:**

8.     The BULL and BEAR, is a restaurant, located at/near 479 Alvarado, Monterey, California.  The BULL and BEAR, its entrance, patio dining, men's restroom, women's restroom, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act.  On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions," each of which has subjected the BULL and BEAR and each of its facilities, its entrance, patio dining, men's restroom, women's restroom to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the California Building Code.

9.     Defendants WILLIAM H. STAHL and LAURA J. STAHL, as Trustees on behalf of THE KEVIN HAYES STAHL TRUST DATED MARCH 17, 1997; WILLIAM H. STAHL and LAURA J. STAHL, Trustees Of THE MICHAEL FOSTER STAHL TRUST DATED MARCH 17, 1997; WILLIAM H. STAHL and LAURA J. STAHL, Trustees Of THE MELISSA LYNNNE STAHL TRUST DATED MARCH 17, 1997; AND, WILLIAM H. STAHL and LAURA J. STAHL, AS TENANTS IN COMMON are the owners of the real property (land and building) located at or near 479 Alvarado, Monterey, California.

10.     Defendant BUICH BROTHERS RESTAURANT GROUP INC., a California Corporation dba THE BULL AND BEAR is the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public accommodation known as BULL and BEAR, located at/near 479 Alvarado, Monterey,  California, or of the building and/or buildings which constitute said public accommodation.

//

11.     At all times relevant to this complaint, defendants WILLIAM H. STAHL and LAURA J. STAHL, as Trustees on behalf of THE KEVIN HAYES STAHL TRUST DATED MARCH 17, 1997; WILLIAM H. STAHL and LAURA J. STAHL, Trustees Of THE MICHAEL FOSTER STAHL TRUST DATED MARCH 17, 1997; WILLIAM H. STAHL and LAURA J. STAHL, Trustees Of THE MELISSA LYNNNE STAHL TRUST DATED MARCH 17, 1997; WILLIAM H. STAHL and LAURA J. STAHL, AS TENANTS IN COMMON; AND,  BUICH BROTHERS RESTAURANT GROUP INC., a California Corporation dba THE BULL AND BEAR, own and operate in joint venture the subject BULL AND BEAR as a public accommodation.  This business is open to the general public and conducts business therein.  The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

12.     On or about the year 1996, defendant WILLIAM H. STAHL purchased and/or took possessory control of the premises now known as BULL AND BEAR and thereafter put it into trust.  At all times prior thereto, defendants' and each of them were aware of their obligation prior to the close of escrow, or upon taking possessory interest that public accommodations had a duty to identify and remove architectural barriers and were aware that BULL AND BEAR was not accessible to the disabled.  Nevertheless, defendants' and each of them, operated the BULL AND BEAR as though it was accessible.

13.     At all times relevant to this complaint, defendants WILLIAM H. STAHL and LAURA J. STAHL, as Trustees on behalf of THE KEVIN HAYES STAHL TRUST DATED MARCH 17, 1997; WILLIAM H. STAHL and LAURA J. STAHL, Trustees Of THE MICHAEL FOSTER STAHL TRUST DATED MARCH 17, 1997; WILLIAM H. STAHL and LAURA J. STAHL, Trustees Of THE MELISSA LYNNNE STAHL TRUST DATED MARCH 17, 1997; WILLIAM H. STAHL and LAURA J. STAHL, AS TENANTS IN COMMON; AND,  BUICH BROTHERS RESTAURANT GROUP INC., a California Corporation dba THE BULL AND BEAR are jointly and severally responsible to identify and remove architectural barriers at the

subject BULL AND BEAR pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

§ 36.201      General

(b)   *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

14.    At all times stated herein, defendants' and each of them with the knowledge that each of them had a continuing obligation to identify and remove architectural barriers where it was readily achievable to do so, failed to adopt a transition plan to provide better and/or compliant access to the subject accommodation.

15.    At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the BULL AND BEAR as being handicapped accessible and handicapped usable.

16.    At some of the times stated herein, plaintiff PATRICK CONNALLY  was in Monterey, for the purposes of: sight seeing and relaxing.

17.    On or about July 23, 2015 and October 14, 2015, plaintiff PATRICK CONNALLY was an invitee and guest at the subject BULL AND BEAR, with his driver and friend Ben Kinney.

18.     After sending notice letter(s) on July 31, 2015 and August 24, 2015, to the landlord and/or tenant about access problems, plaintiff returned to the subject BULL AND BEAR, for the purposes of participating in the goods and services provided and to see whether this public - accommodation had been made more accessible.  A quarter of a century has now passed since the Americans with Disabilities Act of 1990 ("ADA") took effect.

//

//

1    19.    On or about July 23, 2015 and October 14, 2015, plaintiff PATRICK

2   CONNALLY encountered the following architectural barriers at the entrance to the BULL AND

3   BEAR and as a legal result had the following adverse experiences: there was no strike side

4   clearance at the main entry door and excessive door pressure/resulting in plaintiff PATRICK

5   CONNALLY having to stress and strain his upper right extremities to open the door. Ben

6   Kinney had to open it.

7    20.    On or about July 23, 2015 and October 14, 2015, plaintiff PATRICK

8   CONNALLY encountered the following architectural barriers at the patio dining area and as a

9   legal result had the following adverse experiences: there were five (5) steps down to the patio

10   area/resulting in plaintiff PATRICK CONNALLY being unable to access the area and on July

11   23, 2015 not being able to enjoy the band.

12    21.    On or about July 23, 2015 and October 14, 2015, plaintiff  PATRICK

13   CONNALLY encountered the following architectural barriers in the men's restroom of the

14   BULL AND BEAR and as a legal result had the following adverse experiences: the door leading

15   into the restroom was too narrow/resulting in plaintiff PATRICK CONNALLY having difficulty

16   getting through the doorway with his wheelchair; the stall door was not accessible/resulting in

17   plaintiff PATRICK CONNALLY not being able to use it. And on July 23, 2015, had to relieve

18   himself in the street; the lavatory was cordoned off by a partition/resulting in plaintiff PATRICK

19   CONNALLY not being able to wash his hands; insufficient space exiting the men's

20   restroom/resulting in plaintiff PATRICK CONNALLY stressing his upper extremities in

21   maneuvering his chair to open the door.

22    22.    On or about July 23, 2015 and October 14, 2015, plaintiff  PATRICK

23   CONNALLY is informed and believes that architectural barriers existed in the women's

24   restroom and as a legal result would not have been able to use it.

25   //

26   //

27   //

28   //

23.     On or about July 31, 2015, plaintiff PATRICK CONNALLY wrote two letters. One to the owner of the building and one to manager of the THE BULL and BEAR. He wrote:

> "Recently, I visited Bull and Bear and I had a few problems with the restaurant. You see, I use a wheelchair and there is no clear space next to the front door to angle my wheelchair. That is what's called a strike side clearance. Without the strike side it is very difficult to pull the door open. Maybe you should think about an automatic door opener. I also had a few problems with your restroom. Once inside the restroom there was a stall that was not wide enough to get into. The toilet had no grab bars, the lavatory pipes were not wrapped and the paper towels were too high. I could not use your restroom and had to go elsewhere. These were just some of the problems I encountered at the restaurant.   Wheelchair users like myself, simply can't get in.
>
> I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your hands and heads together, I know the two of you can fix this problem.
>
> Please write me when you get this letter and let me know what you plan on doing and when. Give me a date. If you are not the one in charge or don't have the responsibility to do it, would you make sure this letter goes to the person in charge or who can make decisions on what to do. Thanks!"

24.     On or about August 19, 2015, plaintiff PATRICK CONNALLY received a responsive letter from Alex Buich, GM of BULL and BEAR. Mr. Buich wrote:

> "I am writing to let you know we received your letter. We are hiring an expert to come and do a walk through, we will be in touch with you after the inspection.
>
> The landlord is currently out of town, but upon his return, we will meet and review the finding of the expert. I appreciate your letter feel free to contact me anytime."

25.     On or about August 24, 2015, plaintiff PATRICK CONNALLY responded to Mr. Buich.  Plaintiff PATRICK CONNALLY wrote:

> "Thank you for your letter of August 19, 2015 in which you state that you will hire an expert to perform an inspection of the Bull and Bear. Please provide me with a copy of the inspection report and any plans when the inspection is completed so I can see that the access issues I encountered have been addressed. Also, please let me know when you plan on having the repairs completed. I enjoyed the Bull and Bear and would like to stop in again the next time I am in Monterey. I look forward to hearing from you. Thank you."

1   Plaintiff PATRICK CONNALLY never received a response from Mr. Buich to plaintiff

2   PATRICK CONNALLY's August 24, 2015 letter and the letter was returned to him from

3   the United States Postal Service.

4         26.    On or about December 2015 and into 2016, and thereafter, plaintiff

5   PATRICK CONNALLY would have returned to the BULL and BEAR but was deterred

6   from returning for the fear that once he returned, he would encounter all of the same

7   architectural barriers as on the first visit and that not even the easiest barrier(s) would

8   have been removed such as the following: installing a power door at the front entrance,

9   to make it easier to enjoy the goods, services and opportunities afforded by this public -

10  accommodation.

11        27.    Therefore, at said time(s) and place, plaintiff PATRICK CONNALLY,

12  encountered the following architectural barriers as stated herein or lack thereof and/or

13  "elements" and "facilities" which constituted architectural barriers and/or categorical

14  architectural barriers and a denial of the proper and legally required access to a public

15  accommodation to persons with physical disabilities including, but not limited to:

16                  A    lack of an accessible entrance;

17                  B.    lack of an accessible patio dining area;

18                  C.    lack of a handicapped-accessible women's public restroom;

19
20                  D.    lack of a handicapped-accessible men's public restroom

21                  E.    lack of signage, policies, procedures and guidelines to ensure the
22                       person(s) with disabilities to the maximum extent possible have
23                       an opportunity to share in the same goods, services and
                        opportunities as those afforded to able-bodied persons;

24                  F.    On personal knowledge, information and belief, other public
25                       facilities and elements too numerous to list were inaccessible to
26                       plaintiff(s) and for use by other persons with physical disabilities
                        similarly situated.

27  //

28  //

28.     Specific architectural barriers encountered by plaintiff PATRICK CONNALLY at time(s) and place herein in addition to categorical architectural barriers stated herein and the respective difficulties experienced by plaintiff as stated herein, the barriers include but are not limited to:

**ENTRANCE**

•       no International Symbol of Accessability (ISA) signage;

•       excessive door pressure - at 10lbs +;

•       no strike side clearance at door;

**DINING**

•       inaccessible patio dining;

**RESTROOMS**

•       noncomplying restrooms; (plaintiff PATRICK CONNALLY is informed and believes women's restroom is noncomplying);

•       no International Symbol of Accessability (ISA) signage

•       door knobs and latches that require grasping, turning or pinching;

•       excessive door pressure;

•       narrow doors; at 28"

•       lack of accessible stall;

•       lack of clearance exiting the men's restroom;

•       no grab bar(s);

•       lack of access to the lavatory because of a partition;

•       lavatory p-trap not insulated;

•       insufficient clear space;

Therefore, as a legal result of encountering each of said elements, plaintiff(s) experienced one, all, or a combination of the following difficulties: stress, strain, difficulty, and discomfort to his upper extremities in attempting to and/or using said elements also causing anxiety, disappointment, and embarrassment.

//

29.     At all time(s) as stated herein, plaintiff PATRICK CONNALLY encountered architectural barrier(s) as stated herein and/or had personal knowledge of said barrier(s) and knew it would be a futile gesture to attempt to overcome it/them because of his disability.

30.     At all times stated herein, it was "readily achievable" for defendants to remove some and/or all of the architectural barriers complained of over a reasonable period of time from the date that defendants initially took possession to meet the affirmative duty to identify and remove architectural barriers where it is readily achievable to do so.  In that regard, defendants could have but did not avail themselves of the tax deduction and tax credits provided by  Internal Revenue Services ("IRS") codes 44 and 190, which apply to the costs of barrier removal.

31.     At all time(s) and place, each architectural element as stated herein that did not strictly comply with or substantially comply with the ADAAG minimum requirements constituted an architectural barrier which precluded plaintiff PATRICK CONNALLY from full and equal opportunities afforded to non disabled persons to the goods and services of BULL and BEAR.

32.     Plaintiff PATRICK CONNALLY was and is deterred from returning to BULL and BEAR so long as architectural barrier(s) complained of that he/she encountered, as stated herein are not ADAAG compliant.

33.     At said time(s) and place, when plaintiff PATRICK CONNALLY encountered the architectural barriers as stated herein, plaintiff PATRICK CONNALLY in seeing a barrier(s) and/or attempting to overcome the barriers to gain access experienced any one or combination of physical difficulty, discomfort, embarrassment, stress, strain, fatigue, anger, annoyance and disappointment.  This arose from plaintiff's physical inability to effectively use his upper extremities to easily overcome the architectural barriers as stated herein. This constitutes a denial of full and equal access to the subject public accommodation and a denial of the opportunity to independently

1  enjoy and participate in the opportunities, goods and services offered to non disabled

2  persons and patrons, invitees and guests.

3     34.    Said architectural barrier(s) as stated herein deprived and deterred

4  plaintiff PATRICK CONNALLY the same full and equal access that a non wheelchair

5  user/non disabled person would enjoy while engaging in the goods, service and

6  opportunities offered at the subject BULL and BEAR.

7     35.    At all times stated herein, the existence of architectural barriers at

8  defendants' place of public accommodation evidenced "actual notice" of defendants'

9  intent not to comply with the Americans with Disabilities Act of 1990 either then, now

10 or in the future.

11    36.    As a legal result of defendants WILLIAM H. STAHL and LAURA J.

12 STAHL, as Trustees on behalf of THE KEVIN HAYES STAHL TRUST DATED

13 MARCH 17, 1997; WILLIAM H. STAHL and LAURA J. STAHL, Trustees Of THE

14 MICHAEL FOSTER STAHL TRUST DATED MARCH 17, 1997; WILLIAM H. STAHL

15 and LAURA J. STAHL, Trustees Of THE MELISSA LYNNNE STAHL TRUST DATED

16 MARCH 17, 1997; WILLIAM H. STAHL and LAURA J. STAHL, AS TENANTS IN

17 COMMON; AND,  BUICH BROTHERS RESTAURANT GROUP INC., a California

18 Corporation dba THE BULL AND BEAR's failure to act as a reasonable and prudent

19 public accommodation in identifying, removing or creating architectural barriers, policies,

20 practices and procedures that denied access to plaintiff  and other persons with disabilities,

21 plaintiff suffered the damages as alleged herein.

22    37.    As a result of the denial of equal access to defendants' facilities due to the

23 acts and omissions of defendants, and each of them, in owning, operating and maintaining

24 these subject public facilities, plaintiff PATRICK CONNALLY suffered violations of

25 plaintiff's civil rights, including, but not limited to rights under Civil Code §§51, 52, 54,

26 54.1, and 54.3, *et seq.*  And, plaintiff PATRICK CONNALLY suffered bodily injury at

27 time(s) stated herein including, but not limited to anyone of the following conditions

28 and/or combination thereof: fatigue, stress, strain and pain in wheeling and attempting to

1  and/or transferring up, on, down, to, over, around and through architectural barriers.

2  Specifically, as a legal result of defendants negligence in the design, construction and

3  maintenance of the existing entry door and men's restroom stall, plaintiff suffered

4  continuous, repetitive and cumulative trauma to his upper extremities while attempting to

5  enter the restaurant and on July 23, 2015 being compelled to relieve himself in the street.

6       38.    Further, plaintiff PATRICK CONNALLY  suffered emotional distress,

7  mental distress, mental suffering, mental anguish, which includes, but is not limited to,

8  shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry,

9  expectedly and naturally associated with a person with physical disabilities encountering

10  architectural barrier(s) as stated herein and being denied access, all to his damages as

11  prayed hereinafter in an amount within the jurisdiction of this court.  No claim is being

12  made for mental and emotional distress over and above that is usually associated with the

13  encountering of architectural barriers and legally resulting in adverse experiences.  No

14  expert testimony regarding this usual mental and emotional distress will be presented at

15  trial in support of the claim for damages.

16       39.    Defendants', and each of their, failure to remove the architectural barriers

17  complained of herein created, at the time of plaintiff PATRICK CONNALLY's first visit

18  to said public accommodation, and continues to create continuous and repeated exposure

19  to substantially the same general harmful conditions which caused plaintiff PATRICK

20  CONNALLY harm as stated herein.

21       40.    Plaintiff PATRICK CONNALLY was denied his rights to equal access to a

22  public facility by defendants WILLIAM H. STAHL and LAURA J. STAHL, as Trustees

23  on behalf of THE KEVIN HAYES STAHL TRUST DATED MARCH 17, 1997;

24  WILLIAM H. STAHL and LAURA J. STAHL, Trustees Of THE MICHAEL FOSTER

25  STAHL TRUST DATED MARCH 17, 1997; WILLIAM H. STAHL and LAURA J.

26  STAHL, Trustees Of THE MELISSA LYNNNE STAHL TRUST DATED MARCH 17,

27  1997; WILLIAM H. STAHL and LAURA J. STAHL, AS TENANTS IN COMMON;

28  AND,  BUICH BROTHERS RESTAURANT GROUP INC., a California Corporation dba

1  THE BULL AND BEAR because defendants maintained a restaurant without access for

2  persons with physical disabilities to its facilities, including but not limited to the entrance,

3  patio dining, men's restroom, women's restroom, and other public areas as stated herein,

4  and continue to the date of filing this complaint to deny equal access to plaintiff and other

5  persons with physical disabilities in these and other ways.

6     41.    Construction alterations, if any, carried out by defendants have also

7  triggered access requirements under both California law and the Americans with

8  Disabilities Act of 1990.

9     42.    Defendants may have intentionally undertaken to modify and alter existing

10 building(s), and may have failed to make them comply with accessibility requirements

11 under the requirements of ADAAG and California Building Code.

12    43.    Defendants have been negligent in their affirmative duty to identify the

13 architectural barriers complained of herein and negligent in the removal of some or all of

14 said barriers.

15    44.    Because of defendants' violations, plaintiff and other persons with physical

16 disabilities are unable to use public facilities such as those owned and operated by

17 defendants on a "full and equal" basis unless such facility is in compliance with the

18 provisions of the Americans with Disabilities Act of 1990, Civil Code §51, Civil Code

19 §54.1 and Health & Safety Code §19955, *et seq.* and other accessibility law as pled herein.

20 Plaintiff seeks an order from this court compelling defendants to make the BULL and

21 BEAR accessible to persons with disabilities.

22    45.    Plaintiff, as described hereinbelow, seeks injunctive relief to require the

23 BULL and BEAR to be made accessible to meet the requirements of both California law

24 and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as

25 defendants operate the restaurant as a public facility.

26 //

27 //

28 //

46.     Plaintiff(s) believes that even with service of the summons and complaint on defendant(s) and each of them, that defendant(s) will not , under their "continuing obligation" immediately undertake remedial action to identify and remove architectural barriers.

47.     Plaintiff seeks damages for violation of his civil rights on July 23, 2015, October 14, 2015, and **deterrence occasion(s)** and seeks statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his visit that the trier of fact (court/jury) determines was the date that some or all remedial work should have been completed under the standard that the landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was readily achievable to do so, which deterred plaintiff PATRICK CONNALLY from returning to the subject public accommodation because of his knowledge and/or belief that neither some or all architectural barriers had been removed and that said premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise. The acts and omission of defendants, and each of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiff, and despicable conduct carried out by defendants, and each of them, with a willful and conscious disregard for the rights and safety of plaintiff and other similarly situated persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of defendants, and each of them, to other operators and landlords of other restaurants and other public facilities, and to punish defendants and to carry out the purposes of  the Civil Code §§ 51, 51.5 and 54.

48.     At all times stated herein and for post complaint occasions, plaintiff has an  absolute unfettered civil right to return to the public accommodation(s) complained of within thirty (30) day intervals until defendants remove all architectural barriers under their continuing obligation to identify and remove architectural barriers.

//

49.    Plaintiff is informed and believes and therefore alleges that defendants WILLIAM H. STAHL and LAURA J. STAHL, as Trustees on behalf of THE KEVIN HAYES STAHL TRUST DATED MARCH 17, 1997; WILLIAM H. STAHL and LAURA J. STAHL, Trustees Of THE MICHAEL FOSTER STAHL TRUST DATED MARCH 17, 1997; WILLIAM H. STAHL and LAURA J. STAHL, Trustees Of THE MELISSA LYNNNE STAHL TRUST DATED MARCH 17, 1997; WILLIAM H. STAHL and LAURA J. STAHL, AS TENANTS IN COMMON; AND,  BUICH BROTHERS RESTAURANT GROUP INC., a California Corporation dba THE BULL AND BEAR, and each of them, caused the subject building(s) which constitute the BULL AND BEAR to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building(s) of the  BULL AND BEAR and were denied full and equal use of said public facilities.  Furthermore, on information and belief, defendants have continued to maintain and operate said restaurant and/or its building(s) in such conditions up to the present time, despite actual and constructive notice to such defendants that the configuration of the BULL AND BEAR and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff PATRICK CONNALLY, and other members of the disability community. Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

50.    Defendants' actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the  BULL AND BEAR and/or building(s) was in violation of the civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to, coming into contact with public accommodations with accessible elements and facilities since January 26, 1991, communications with invitees and guests, PATRICK CONNALLY himself, possibly sponsors of conferences, owners of other restaurants, and businesses, notices they

obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by these defendants, newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990 and other access laws, public service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information.  Defendants' failure, under state and federal law, to make the BULL AND BEAR accessible is further evidence of defendants' conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities.  Despite being informed of such effect on plaintiff and other persons with physical disabilities due to the lack of accessible facilities, defendants, and each of them, knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for plaintiff and other persons with physical disabilities to the  BULL AND BEAR.  Said defendants, and each of them, have continued such practices, in conscious disregard for the rights of plaintiff and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon.  Defendants had further actual knowledge of the architectural barriers referred to herein by virtue of the demand letter addressed to the defendants and served concurrently with the summons and complaint.  Said conduct, with knowledge of the effect it was and is having on plaintiff and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of plaintiff and of other similarly situated persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

51.	Plaintiff PATRICK CONNALLY and the disability community, consisting of persons with disabilities, would, could and will return to the subject public accommodation when it is made accessible to persons with disabilities.

//
//
//
//
//

**I.    FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiff PATRICK CONNALLY, and Against Defendants WILLIAM H. STAHL and LAURA J. STAHL, not personally, but as Trustees on behalf of THE KEVIN HAYES STAHL TRUST DATED MARCH 17, 1997; WILLIAM H. STAHL and LAURA J. STAHL, Trustees Of THE MICHAEL FOSTER STAHL TRUST DATED MARCH 17, 1997; WILLIAM H. STAHL and LAURA J. STAHL, Trustees Of THE MELISSA LYNNNE STAHL TRUST DATED MARCH 17, 1997; WILLIAM H. STAHL and LAURA J. STAHL; AND, BUICH BROTHERS RESTAURANT GROUP INC., a California Corporation dba THE BULL AND BEAR, inclusive)

(42 U.S.C. §12101, *et seq.*)

52.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 51 of this complaint.

53.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

54.    Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate

commerce, in order to address the major areas of
discrimination faced day to day by people with disabilities.

55.    As part of the Americans with Disabilities Act of 1990, Public Law 101-
336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and
Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among
the public accommodations identified for purposes of this title was:

> (7)    PUBLIC ACCOMMODATION - The following
> private entities are considered public accommodations for
> purposes of this title, if the operations of such entities affect
> commerce -
>
> (B) a restaurant, bar or other establishment serving food or
> drink;

42 U.S.C. §12181(7)(B)

56.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated
against on the basis of disability in the full and equal enjoyment of the goods, services,
facilities, privileges, advantages, or accommodations of any place of public
accommodation by any person who owns, leases, or leases to, or operates a place of public
accommodation."

57.    The specific prohibitions against discrimination set forth in §302(b)(2)(a),
42 U.S.C. §12182(b)(2)(a) are:

> (I)    the imposition or application of eligibility
> criteria that screen out or tend to screen out an individual
> with a disability or any class of individuals with disabilities
> from fully and equally enjoying any goods, services,
> facilities, privileges, advantages, or accommodations, unless
> such criteria can be shown to be necessary for the provision
> of the goods, services, facilities, privileges, advantages, or
> accommodations being offered;
>
> (ii)    a failure to make reasonable modifications in
> policies, practices, or procedures, when such modifications
> are necessary to afford such goods, services, facilities,
> privileges, advantages or accommodations to individuals
> with disabilities, unless the entity can demonstrate that
> making such modifications would fundamentally alter the
> nature of such goods, services, facilities, privileges,
> advantages, or accommodations;

//

1

2           (iii)    a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

3

4

5

6

7           (iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

8

9           (v)    where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

10

11

12 The acts of defendants set forth herein were a violation of plaintiff's rights under the

13 ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36,

14 *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into

15 California Civil Code §51, making available the damage remedies incorporated into Civil

16 Code §51 and 52(a) and 54.3.

17        58.    The removal of the barriers complained of by plaintiff as hereinabove

18 alleged were at all times after January 26, 1992 "readily achievable" as to the subject

19 building(s) of BULL and BEAR pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On

20 information and belief, if the removal of all the barriers complained of herein together was

21 not "readily achievable," the removal of each individual barrier complained of herein was

22 "readily achievable."  On information and belief, defendants' failure to remove said

23 barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as

24 defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

25        59.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

26 accomplishable and able to be carried out without much difficulty or expense."

27

28

The statute defines relative "expense" in part in relation to the total financial resources of the entities involved.  Plaintiff alleges that properly repairing, modifying, or altering each of the items that plaintiff complains of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

60.     On information and belief, construction work on, and modifications of, the subject building(s) of BULL and BEAR  occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

61.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiff is about to be subjected to discrimination in violation of §302.  Plaintiff is deterred from returning to or making use of the public facilities complained of herein so long as the premises and defendants' policies bar full and equal use by persons with physical disabilities.

62.     42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this section, plaintiff PATRICK CONNALLY has not returned to defendants' premises since on or about September 15, 2015, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiff and of other persons with physical disabilities to access this public accommodation.  Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall

1 include an order to alter facilities to make such facilities readily accessible to and usable

2 by individuals with disabilities to the extent required by this title."

3      63.     Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil

4 Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted

5 to implement the Americans with Disabilities Act of 1990, including but not limited to an

6 order granting injunctive relief and attorneys' fees.  Plaintiff will seek attorneys' fees

7 conditioned upon being deemed to be the prevailing party.

8  **II.     SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL
         ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND
9        54.3, ET SEQ.**
         (On behalf of Plaintiff PATRICK CONNALLY, and Against Defendants
10       WILLIAM H. STAHL and LAURA J. STAHL, as Trustees on behalf of THE
         KEVIN HAYES STAHL TRUST DATED MARCH 17, 1997; WILLIAM H.
11       STAHL and LAURA J. STAHL, Trustees Of THE MICHAEL FOSTER STAHL
         TRUST DATED MARCH 17, 1997; WILLIAM H. STAHL and LAURA J.
12       STAHL, Trustees Of THE MELISSA LYNNNE STAHL TRUST DATED
         MARCH 17, 1997; WILLIAM H. STAHL and LAURA J. STAHL, AS TENANTS
13       IN COMMON; AND,  BUICH BROTHERS RESTAURANT GROUP INC., a
         California Corporation dba THE BULL AND BEAR, inclusive)
14
     (California Civil Code §§54, 54.1, 54.3, *et seq.*)
15
16      64.     Plaintiff repleads and incorporates by reference as if fully set forth again

17 herein, the allegations contained in paragraphs 1 through 63 of this complaint.

18      65.     At all times relevant to this action, California Civil Code §54 has provided

19 that persons with physical disabilities are not to be discriminated against because of

20 physical handicap or disability.  This section provides that:

21           (a) Individuals with disabilities . . . have the same
           rights as the general public to full and free use of the streets,
22           highways, sidewalks, walkways, public buildings, medical
           facilities, including hospitals, clinics, and physicians'
23           offices, and other public places.

24      66.     California Civil Code §54.1 provides that persons with disabilities shall not

25 be denied full and equal access to places of public accommodation or facilities:

26           (a)(1) Individuals with disabilities shall be entitled to
           full and equal access, as other members of the general
27           public, to accommodations, advantages, facilities, medical
           facilities, including hospitals, clinics, and physicians'
28           offices, and privileges of all common carriers, airplanes,
           motor vehicles, railroad trains, motorbuses, streetcars, boats,

or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

67.   California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

(d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

68.   Plaintiff PATRICK CONNALLY is a person within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1.  Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1.  Plaintiff has been and continue to be denied full and equal access to defendants' BULL and BEAR.  As a legal result, plaintiff is entitled to seek damages pursuant to a court or jury determination, in accordance with California Civil Code §54.3(a) for each day on which he visited or have been deterred from visiting the BULL and BEAR because of his knowledge and belief that the restaurant is inaccessible to persons with disabilities.

California Civil Code §54.3(a) provides:

Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($1,000)

and . . . attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2.

Civil Code §54.3(a)

69.    On or about July 23, 2015 and October 14, 2015, and **deterrence occasion(s)** plaintiff PATRICK CONNALLY suffered violations of Civil Code §§54 and 54.1 in that plaintiff PATRICK CONNALLY was denied access to the entrance, unisex restroom and other public facilities as stated herein at the BULL and BEAR and on the basis that plaintiff PATRICK CONNALLY was a person with physical disabilities.

70.    As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff PATRICK CONNALLY suffered violations of plaintiff's civil rights, including, but not limited to rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq*.  And, plaintiff PATRICK CONNALLY suffered bodily injury at time(s) stated herein, including, but not limited to anyone of the following conditions and/or combination thereof: fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing BULL and BEAR, plaintiff suffered continuous, repetitive and cumulative trauma to his upper extremities while attempting to overcome the barriers to gain access.

71.    Further, plaintiff PATRICK CONNALLY suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expected and naturally associated with a person with physical disabilities encountering architectural barrier(s) as stated herein and being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.  No claim is being made for mental and emotional distress over and above that is usually associated with the

encountering of architectural barriers and legally resulting in adverse experiences.  No expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

72.    Plaintiff has been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights as a person or an entity that represents persons with physical disabilities on or about July 2, 2015 and September 15, 2015 and **deterrence occasion(s)**, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

73.    As a result of defendants', and each of their, acts and omissions in this regard, plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.  Additionally, plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to compel the defendants to make their facilities accessible to all members of the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

//
//
//
//
//
//

III.   **THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On behalf of Plaintiff PATRICK CONNALLY, and Against Defendants WILLIAM H. STAHL and LAURA J. STAHL, as Trustees on behalf of THE KEVIN HAYES STAHL TRUST DATED MARCH 17, 1997; WILLIAM H. STAHL and LAURA J. STAHL, Trustees Of THE MICHAEL FOSTER STAHL TRUST DATED MARCH 17, 1997; WILLIAM H. STAHL and LAURA J. STAHL, Trustees Of THE MELISSA LYNNNE STAHL TRUST DATED MARCH 17, 1997; WILLIAM H. STAHL and LAURA J. STAHL, AS TENANTS IN COMMON; AND,  BUICH BROTHERS RESTAURANT GROUP INC., a California Corporation dba THE BULL AND BEAR, inclusive)

(Health & Safety Code §19955, *et seq.*)

74.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 73 of this complaint.

75.     Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code.  For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers.  When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

76.     Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date.  On information and belief, portions of the BULL and BEAR and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the  BULL and BEAR and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said BULL and BEAR and/or building to be subject to the requirements of Part 5.5, §19955, *et*

1   *seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per

2   Health & Safety Code §19959.

3       77.     Pursuant to the authority delegated by Government Code §4450, *et seq*, the

4   State Architect promulgated regulations for the enforcement of these provisions.  Effective

5   July 1, 1982, Title 24 of the California Building Standards Code adopted the California

6   State Architect's Regulations and these regulations must be complied with as to any

7   alterations and/or modifications of  BULL and BEAR and/or the building(s) occurring

8   after that date.  Construction changes occurring prior to this date but after July 1, 1970

9   triggered access requirements pursuant to the "ASA" requirements, the American

10  Standards Association Specifications, A117.1-1961.  On information and belief, at the

11  time of the construction and modification of said building, all buildings and facilities

12  covered were required to conform to each of the standards and specifications described in

13  the American Standards Association Specifications and/or those contained in the

14  California Building Code.

15      78.     Restaurants such as the BULL and BEAR are "public accommodations or

16  facilities" within the meaning of Health & Safety Code §19955, *et seq*.

17      79.     As a result of the actions and failure to act of defendants, and as a result of

18  the failure to provide proper and legally handicapped-accessible public facilities, plaintiff

19  was denied plaintiff's rights to full and equal access to public facilities and suffered a loss

20  of plaintiff's civil rights and plaintiff's rights as a person with physical disabilities to full

21  and equal access to public facilities.

22      80.     Attorneys' Fees -- As a result of defendants' acts and omissions in this

23  regard, plaintiff has been required to incur legal expenses and hire attorneys in order to

24  enforce plaintiff's civil rights and enforce provisions of the law protecting access for the

25  persons with physical disabilities and prohibiting discrimination against the persons with

26  physical disabilities, and to take such action both in plaintiff's own interests and in order

27  to enforce an important right affecting the public interest.  Plaintiff, therefore, seeks in this

28  lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions

1  of the Code of Civil Procedure §1021.5.  Plaintiff additionally seeks attorneys' fees

2  pursuant to Health & Safety Code §19953 and Civil Code §§54.3 and/or in the alternative,

3  plaintiff will seek attorneys' fees, costs and litigation expenses pursuant to §204(a) of the

4  Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).  Plaintiff will seek attorneys' fees

5  conditioned upon being deemed to be the prevailing party.

6      81.    Plaintiff seeks injunctive relief for an order compelling defendants, and

7  each of them, to make the subject place of public accommodation readily accessible to and

8  usable by persons with disabilities.

9  **IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
10         EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,
           PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA
           CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
11         (On behalf of Plaintiff PATRICK CONNALLY, and Against Defendants
12         WILLIAM H. STAHL and LAURA J. STAHL, as Trustees on behalf of THE
           KEVIN HAYES STAHL TRUST DATED MARCH 17, 1997; WILLIAM H.
           STAHL and LAURA J. STAHL, Trustees Of THE MICHAEL FOSTER STAHL
13         TRUST DATED MARCH 17, 1997; WILLIAM H. STAHL and LAURA J.
           STAHL, Trustees Of THE MELISSA LYNNNE STAHL TRUST DATED
14         MARCH 17, 1997; WILLIAM H. STAHL and LAURA J. STAHL, AS TENANTS
           IN COMMON; AND,  BUICH BROTHERS RESTAURANT GROUP INC., a
15         California Corporation dba THE BULL AND BEAR, inclusive)

16     (Civil Code §51, 51.5)

17     82.    Plaintiff repleads and incorporates by reference, as if fully set forth again

18  herein, the allegations contained in paragraphs 1 through 81 of this complaint.

19     83.    Defendants' actions and omissions and failure to act as a reasonable and

20  prudent public accommodation in identifying, removing and/or creating architectural

21  barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh

22  Civil Rights Act.  The Unruh Act provides:

23         This section shall be known, and may be cited, as the Unruh
           Civil Rights Act.
24  //
25  //
26  //
27  //
28

> All persons within the jurisdiction of this state are
> free and equal, and no matter what their sex, race, color,
> religion, ancestry, national origin, or **disability** are entitled
> to the full and equal accommodations, advantages, facilities,
> privileges, or services in all business establishments of
> every kind whatsoever.

> This section shall not be construed to confer any
> right or privilege on a person that is conditioned or limited
> by law or that is applicable alike to persons of every sex,
> color, race, religion, ancestry, national origin, or **disability.**

> Nothing in this section shall be construed to require
> any construction, alteration, repair, structural or otherwise,
> or modification of any sort whatsoever, beyond that
> construction, alteration, repair, or modification that is
> otherwise required by other provisions of law, to any new or
> existing establishment, facility, building, improvement, or
> any other structure . . . nor shall anything in this section be
> construed to augment, restrict, or alter in any way the
> authority of the State Architect to require construction,
> alteration, repair, or modifications that the State Architect
> otherwise possesses pursuant to other . . . laws.

> A violation of the right of any individual under the
> Americans with Disabilities Act of 1990 (Public Law 101-
> 336) shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990,

the "intent" of the defendants in not complying with barrier removal is not an issue.

Hence, the failure on the parts of defendants, as reasonable and prudent public

accommodations, in acting or failing to act to identify and remove barriers can be

construed as a "negligent per se" act of defendants, and each of them.

        84.     The acts and omissions of defendants stated herein are discriminatory in

nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever
> shall discriminate against, boycott or blacklist, refuse to buy
> from, sell to, or trade with any person in this state because
> of the race, creed, religion, color, national origin, sex, or
> **disability** of the person or of the person's partners,
> members, stockholders, directors, officers, managers,
> superintendents, agents, employees, business associates,
> suppliers, or customers.

> As used in this section, "person" includes any
> person, firm association, organization, partnership, business
> trust, corporation, limited liability company, or company.

1
2
3
4
5
6

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

7   85.   Defendants' acts and omissions as specified have denied to the

8 plaintiff full and equal accommodations, advantages, facilities, privileges and services in a

9 business establishment, on the basis of physical disability, in violation of Civil Code §§51

10 and 51.5, the Unruh Civil Rights Act.  Furthermore, pursuant to the 1992 amendment to

11 California Civil Code §51, "A violation of the right of any individual under the Americans

12 with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this

13 section."  Plaintiff accordingly incorporates the entirety of his above cause of action for

14 violation of the Americans with Disabilities Act at ¶52, *et seq.*, as if repled herein.

15   86.   As a result of the denial of equal access to defendants' facilities due

16 to the acts and omissions of defendants, and each of them, in owning, operating and

17 maintaining these subject public facilities, plaintiff PATRICK CONNALLY suffered

18 violations of plaintiff's civil rights, including, but not limited to rights under Civil Code

19 §§51, 52, 54, 54.1, and 54.3, *et seq.*  And, plaintiff PATRICK CONNALLY suffered

20 bodily injury at time(s) stated herein, including, but not limited to anyone of the following

21 conditions and/or combination thereof: fatigue, stress, strain and pain in wheeling and

22 attempting to and/or transferring up, on, down, to, over, around and through architectural

23 barriers. Specifically, as a legal result of defendants negligence in the design, construction

24 and maintenance of the existing BULL and BEAR, plaintiff suffered continuous,

25 repetitive and cumulative trauma to his upper extremities while attempting to overcome

26 the barriers to gain access to.

27 //

28 //

1      87.     Further, plaintiff PATRICK CONNALLY suffered emotional

2  distress, mental distress, mental suffering, mental anguish, which includes, but is not

3  limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment

4  and worry, expectedly and naturally associated with a person with physical disabilities

5  encountering architectural barrier(s) as stated herein and being denied access, all to his

6  damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim

7  is being made for mental and emotional distress over and above that is usually associated

8  with the encountering of architectural barriers and legally resulting in adverse

9  experiences.  No expert testimony regarding this usual mental and emotional distress will

10 be presented at trial in support of the claim for damages.

11      88.     Plaintiff PATRICK CONNALLY is entitled to the rights and remedies

12 of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the

13 Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees

14 and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

15 **PRAYER:**

16      Plaintiff prays that this court award damages and provide relief as follows:

17 **I.      PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS
   BY A  PUBLIC ACCOMMODATION IN VIOLATION OF THE**

18 **AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et
   seq.*)**

19 (On behalf of Plaintiff PATRICK CONNALLY, and Against Defendants
   WILLIAM H. STAHL and LAURA J. STAHL, as Trustees on behalf of THE

20 KEVIN HAYES STAHL TRUST DATED MARCH 17, 1997; WILLIAM H.
   STAHL and LAURA J. STAHL, Trustees Of THE MICHAEL FOSTER

21 STAHL TRUST DATED MARCH 17, 1997; WILLIAM H. STAHL and
   LAURA J. STAHL, Trustees Of THE MELISSA LYNNNE STAHL TRUST

22 DATED MARCH 17, 1997; WILLIAM H. STAHL and LAURA J. STAHL,
   AS TENANTS IN COMMON; AND,  BUICH BROTHERS RESTAURANT

23 GROUP INC., a California Corporation dba THE BULL AND BEAR,
   inclusive)

24

25 (42 U.S.C. §12101, *et seq.*)

26 //

27 //

28 //

1        1.     For injunctive relief, compelling defendants  WILLIAM H. STAHL

2   and LAURA J. STAHL, not personally, but as Trustees on behalf of THE KEVIN HAYES

3   STAHL TRUST DATED MARCH 17, 1997; WILLIAM H. STAHL and LAURA J. STAHL,

4   Trustees Of THE MICHAEL FOSTER STAHL TRUST DATED MARCH 17, 1997;

5   WILLIAM H. STAHL and LAURA J. STAHL, Trustees Of THE MELISSA LYNNNE

6   STAHL TRUST DATED MARCH 17, 1997; WILLIAM H. STAHL and LAURA J. STAHL;

7   AND, BUICH BROTHERS RESTAURANT GROUP INC., a California Corporation dba

8   THE BULL AND BEAR, inclusive, to make the BULL AND BEAR, located at 479

9   Alvarado, Monterey, California, readily accessible to and usable by individuals with

10  disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies,

11  practice, eligibility criteria and procedures so as to afford full access to the goods, services,

12  facilities, privileges, advantages and accommodations being offered;

13        2.     For attorneys' fees, litigation expenses and costs of suit, if plaintiff is

14  deemed the prevailing party; and

15        3.     For such other and further relief as the court may deem proper.

16  **II.**       **PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ*.**

17  (On behalf of Plaintiff PATRICK CONNALLY, and Against Defendants WILLIAM H. STAHL and LAURA J. STAHL, as Trustees on behalf of THE KEVIN HAYES STAHL TRUST DATED MARCH 17, 1997; WILLIAM H. STAHL and LAURA J. STAHL, Trustees Of THE MICHAEL FOSTER STAHL TRUST DATED MARCH 17, 1997; WILLIAM H. STAHL and LAURA J. STAHL, Trustees Of THE MELISSA LYNNNE STAHL TRUST DATED MARCH 17, 1997; WILLIAM H. STAHL and LAURA J. STAHL, AS TENANTS IN COMMON; AND,  BUICH BROTHERS RESTAURANT GROUP INC., a California Corporation dba THE BULL AND BEAR, inclusive)

23  (California Civil Code §§54, 54.1, 54.3, *et seq.*)

24  //

25  //

26  //

27  //

28

1.      For injunctive relief, compelling defendants WILLIAM H. STAHL and LAURA J. STAHL, as Trustees on behalf of THE KEVIN HAYES STAHL TRUST DATED MARCH 17, 1997; WILLIAM H. STAHL and LAURA J. STAHL, Trustees Of THE MICHAEL FOSTER STAHL TRUST DATED MARCH 17, 1997; WILLIAM H. STAHL and LAURA J. STAHL, Trustees Of THE MELISSA LYNNNE STAHL TRUST DATED MARCH 17, 1997; WILLIAM H. STAHL and LAURA J. STAHL, AS TENANTS IN COMMON; AND,  BUICH BROTHERS RESTAURANT GROUP INC., a California Corporation dba THE BULL AND BEAR, inclusive, to make the BULL AND BEAR, located at 479 Alvarado, Monterey, California, readily accessible to and usable by individuals with disabilities, per state law.

2.      Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiff was deterred from returning to the subject public accommodation;

3.      Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4.      Treble damages pursuant to Civil Code §54.3;

5.      General damages according to proof;

6.      For all costs of suit;

7.      Prejudgment interest pursuant to Civil Code §3291; and

8.      Such other and further relief as the court may deem just and proper.

//
//
//
//
//
//
//

**III.**        **PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On behalf of Plaintiff PATRICK CONNALLY, and Against Defendants WILLIAM H. STAHL and LAURA J. STAHL, as Trustees on behalf of THE KEVIN HAYES STAHL TRUST DATED MARCH 17, 1997; WILLIAM H. STAHL and LAURA J. STAHL, Trustees Of THE MICHAEL FOSTER STAHL TRUST DATED MARCH 17, 1997; WILLIAM H. STAHL and LAURA J. STAHL, Trustees Of THE MELISSA LYNNNE STAHL TRUST DATED MARCH 17, 1997; WILLIAM H. STAHL and LAURA J. STAHL, AS TENANTS IN COMMON; AND,  BUICH BROTHERS RESTAURANT GROUP INC., a California Corporation dba THE BULL AND BEAR, inclusive)

(Health & Safety code §19955, *et seq.*)

1.        For injunctive relief, compelling defendants WILLIAM H. STAHL and LAURA J. STAHL, as Trustees on behalf of THE KEVIN HAYES STAHL TRUST DATED MARCH 17, 1997; WILLIAM H. STAHL and LAURA J. STAHL, Trustees Of THE MICHAEL FOSTER STAHL TRUST DATED MARCH 17, 1997; WILLIAM H. STAHL and LAURA J. STAHL, Trustees Of THE MELISSA LYNNNE STAHL TRUST DATED MARCH 17, 1997; WILLIAM H. STAHL and LAURA J. STAHL, AS TENANTS IN COMMON; AND,  BUICH BROTHERS RESTAURANT GROUP INC., a California Corporation dba THE BULL AND BEAR, inclusive, to make the BULL AND BEAR, located at 479 Alvarado, Monterey, California, readily accessible to and usable by individuals with disabilities, per state law;

2.        For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or, alternatively, Health & Safety Code §19953, if plaintiff is deemed the prevailing party;

3.        For all costs of suit;

4.        For prejudgment interest pursuant to Civil Code §3291;

5.        Such other and further relief as the court may deem just and proper.

//
//
//

**IV.**        **PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On behalf of Plaintiff PATRICK CONNALLY, and Against Defendants WILLIAM H. STAHL and LAURA J. STAHL, as Trustees on behalf of THE KEVIN HAYES STAHL TRUST DATED MARCH 17, 1997; WILLIAM H. STAHL and LAURA J. STAHL, Trustees Of THE MICHAEL FOSTER STAHL TRUST DATED MARCH 17, 1997; WILLIAM H. STAHL and LAURA J. STAHL, Trustees Of THE MELISSA LYNNNE STAHL TRUST DATED MARCH 17, 1997; WILLIAM H. STAHL and LAURA J. STAHL, AS TENANTS IN COMMON; AND,  BUICH BROTHERS RESTAURANT GROUP INC., a California Corporation dba THE BULL AND BEAR, inclusive)

(California Civil Code §§51, 51.5, *et seq.*)

1.        For injunctive relief, compelling defendants  WILLIAM H. STAHL and LAURA J. STAHL, as Trustees on behalf of THE KEVIN HAYES STAHL TRUST DATED MARCH 17, 1997; WILLIAM H. STAHL and LAURA J. STAHL, Trustees Of THE MICHAEL FOSTER STAHL TRUST DATED MARCH 17, 1997; WILLIAM H. STAHL and LAURA J. STAHL, Trustees Of THE MELISSA LYNNNE STAHL TRUST DATED MARCH 17, 1997; WILLIAM H. STAHL and LAURA J. STAHL, AS TENANTS IN COMMON; AND,  BUICH BROTHERS RESTAURANT GROUP INC., a California Corporation dba THE BULL AND BEAR, inclusive, to make the BULL AND BEAR, located at 479 Alvarado, Monterey, California, readily accessible to and usable by individuals with disabilities, per state law;

2.        All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiff was deterred from returning to the subject public accommodation;

//

//

//

//

//

//

3.  Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing party;

4.  General damages according to proof;

5.  Treble damages pursuant to Civil Code §52(a);

6.  For all costs of suit;

7.  Prejudgment interest pursuant to Civil Code §3291; and

8.  Such other and further relief as the court may deem just and proper.

Dated: December 10, 2015                    THOMAS E. FRANKOVICH,
                                            *A PROFESSIONAL LAW CORPORATION*


                                            By: /s/ Thomas E. Frankovich
                                            Thomas E. Frankovich
                                            Attorney for Plaintiff PATRICK CONNALLY

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: December 10, 2015                    THOMAS E. FRANKOVICH,
                                            *A PROFESSIONAL LAW CORPORATION*


                                            By: /s/ Thomas E. Frankovich
                                            Thomas E. Frankovich
                                            Attorney for Plaintiff PATRICK CONNALLY